SHELDON GALLNER AND DAVID GALLNER, APPELLANTS, V. SWEEP LEFT, INC., A CORPORATION, APPELLEE.

277 N. W. 2d 689

Filed April 24, 1979. Nos. 42120, 42121.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellants.

Michael O. Johanns of Peterson, Bowman, Larsen & Swanson, for appellee.

Heard before BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KNAPP, District Judge.

BOSLAUGH, J.

These cases arise out of a dispute concerning an agreement for the purchase of stock in the defendant corporation, Sweep Left, Inc. Since they involve similar issues they were consolidated for trial in the District Court and consolidated for briefing and argument in this court.

The defendant, which was organized by Mark Steven Doak and Dennis Pavelka, operates a restaurant and bar business in Lincoln, Nebraska. Doak and Pavelka had become acquainted with the plaintiff, Sheldon Gallner, when he had represented them in regard to professional football contracts. In October 1975, Doak talked with Sheldon Gallner about the possibility of forming a corporation to operate a lounge. Later, when there was difficulty in arranging for financing, Sheldon Gallner offered to arrange a loan through his father, David Gallner.

The loan transaction was completed on February 19, 1976. Doak and Pavelka, doing business as Sweep Left, Incorporated, executed and delivered a demand promissory note in the amount of $50,000 payable to David Gallner and Sam Guidici. Guidici, a stockholder in the defendant, executed and delivered a note in the amount of $25,000, payable to David Gallner. David Gallner delivered $50,000, the proceeds of a personal loan he had obtained, to the corporation. As a part of the transaction, Doak and Sheldon Gallner executed a stock purchase agreement which provided as follows: ''AGREEMENT made and entered into this *19th* day of February, 1976, by and between Sweep Left, Inc., a corporation duly organized and existing under the laws of the State of Nebraska, and having its principal place of business at Lincoln, Nebraska, party of the first part hereinafter referred to as 'Sweep Left'; and Sheldon Gallner of Council Bluffs, Iowa, party of the second part hereinafter referred to as 'Buyer', W I T-

N E S S E T H: Sweep Left agrees to sell to Buyer and Buyer agrees to purchase from Sweep Left *100* shares of the common stock of Sweep Left, Incorporated, which represents ten percent (10%) of the authorized common stock of Sweep Left, Inc., at *$10* per share, payment to be made as follows, to-wit: Sweep Left agrees immediately upon the signing of this agreement to place in escrow with First National Bank of Council Bluffs, Iowa, the stock hereinbefore mentioned, subject to the payment of *$1000*, said sum being considered payment in full.''

A similar agreement for the purchase of 125 shares was executed by Doak and David Gallner.

Doak testified that as a part of the transaction, Sweep Left, Inc., agreed to look for other financing and pay off the loan from David Gallner as soon as possible.

No stock was ever placed in escrow and the money due from the plaintiffs was never paid or tendered to the escrow agent.

On May 21, 1976, Donald H. Bowman, as counsel for Doak, Pavelka, and the defendant, wrote to Hugh Finerty, the plaintiffs' counsel, inclosing a check in the amount of $49,765.82, the balance due on the loan, and stating that the check was tendered in full payment of all obligations of Doak, Pavelka, and the defendant to the plaintiffs and Guidici.

On June 1, 1976, Finerty returned the check to Bowman stating that the terms under which it was tendered were not acceptable. On June 2, Bowman returned the check to Finerty. The check was then endorsed by David Gallner and Guidici and cashed.

On June 8, 1976, Finerty wrote to the First National Bank of Council Bluffs, Iowa, stating that payment was tendered as required by the two stock purchase agreements and requesting the bank to demand that the defendant deposit the stock in escrow as provided in the agreements. Although the letter stated that payment was tendered, in fact no money

was ever tendered to the bank or the defendant by the plaintiffs.

These actions were commenced on September 9, 1976, to compel specific performance of the stock purchase agreements.

The trial court found there had been no performance of the agreements by any of the parties within a reasonable time prior to the repudiation of the agreements by the defendant and dismissed the actions. The plaintiffs have appealed.

Although each agreement provided that the defendant was to deposit the stock in escrow immediately upon the signing of the agreement, performance by the defendant was "subject to the payment" of the purchase price for the stock. The plaintiffs never performed the condition precedent set out in the agreements and had no right to demand performance by the defendant.

Since the plaintiffs were in default the defendant could elect to rescind. Where contractual promises are mutual and dependent, the failure of one party to perform authorizes the other to rescind the contract. The failure to perform a promise, the performance of which is a condition, entitles the other party to the contract to a rescission thereof. 17 Am. Jur. 2d, Contracts, § 503, p. 979. See, also, Olson v. Pedersen, 194 Neb. 159, 231 N. W. 2d 310; Restatement, Contracts, § 397, p. 750.

The defendant elected to rescind and repudiated the contract by the letter from Bowman to Finerty on May 21, 1976. The plaintiffs' attempt to perform by the letter to the bank on June 8 was of no effect because the contracts had been rescinded and payment was never tendered.

The judgments of the District Court dismissing the actions were correct and are affirmed.

AFFIRMED.